**WRIGHT, FINLAY & ZAK, LLP**
Arnold L. Graff, Esq. SBN 269170
4665 MacArthur Court, Suite 280
Newport Beach, CA 92660
Tel: (949) 477-5050; Fax: (949) 477-9200
agraff@wrightlegal.net

Attorneys for Movant, Secured Income Fund-II, LLC

**UNITED STATES BANKRUPTCY COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| In re:<br><br>KENREG, LLC A CALIFORNIA LIMITED LIABILITY COMPANY,<br><br>               Debtor-in-Possession. | Case No.: 24-30827-DM<br>Chapter: 11<br>R.S. No. ALG-1<br><br>**MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATION)**<br><br>Hearing:<br>Date:     December 19, 2024<br>Time:    9:30 am<br>Location: United States Bankruptcy Court<br>               450 Golden Gate Ave.<br>               San Francisco, CA 94102<br>**Via ZOOM/AT&T Conference** |

Secured Income Fund-II, LLC *("*Movant") hereby submits these Memorandum of Points and Authorities in support of its Motion For Relief from the Automatic Stay Under 11 U.S.C. § 362 ("Motion"), and supporting documents filed concurrently therewith, as follows:

1

## I. INTRODUCTION

Movant moves this Court pursuant to 11 U.S.C. § 362(d)(1) for an order terminating the automatic stay of 11 U.S.C. § 362(a) as it applies to Movant and the real property located at 717 East 3rd Avenue, San Mateo, CA 94401 (the "717 East Third Property") and the real property located at 727 East 3rd Avenue, San Mateo, CA 94401 (the "727 East Third Property" (collectively, the "Subject Properties"), so that Movant may commence and/or continue all acts necessary under applicable non-bankruptcy law to enforce its rights and remedies against the Subject Properties.

This Motion is based on this Motion for Relief from Stay, the Notice of Motion for Relief from the Automatic Stay, the Memorandum of Points and Authorities in Support of the Motion for Relief from the Automatic Stay and the Declaration in Support of the Motion for Relief from the Automatic Stay filed concurrently herewith, the complete files and records in this action, the oral argument of counsel, if any, and such other and further evidence as the Court might deem proper.

Specifically, this Motion is being brought seeking an order confirming no stay is in effect regarding the Subject Properties because: (1) Debtor is not a borrower under the applicable loan documents (2) Debtor is not, and never has been, on record title to the Subject Properties, and (3) Debtor has provided no evidence that it possesses any interest in the Subject Properties. Alternatively, Movant seeks stay relief for cause under 11 U.S.C. 362(d)(1), because to the extent Debtor claims the Subject Properties are protected by the stay produced by this case (and the Court agrees), grounds clearly exist to grant Movant relief from stay under § 362(d)(1), as Movant reasonably believes this Bankruptcy was filed in bad faith – predominantly to try to delay and/or hinder Movant from proceeding with its state law rights and remedies regarding the Subject Properties. Specifically, as stated above, (1) Debtor is not a

2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR STAY RELIEF
Case: 24-30827    Doc# 21-1    Filed: 12/02/24    Entered: 12/02/24 09:38:05    Page 2 of 9

borrower under the loan documents, (2) Debtor is not and never has been on record title; (3) Debtor has provided no evidence of any alleged interest in the Subject Properties, (4) the Bankruptcy was filed in the eve of foreclosure with a skeletal petition, and without the assistance of counsel (as if required under the bankruptcy code), and (5) the loan is in substantial default. Considering this bad faith filing, Movant alternatively requests stay relief under § 362(d)(1).

## II. FACTS AND PROCEDURAL HISTORY

### A. LOAN HISTORY

1. On or about April 19, 2018, Victor M. Catanzaro ("Borrower") executed a Promissory Note Secured by a Deed of Trust, in the principal sum of $2,800,000.00 (the "Note"), which was made payable to Movant. The Note required 12 monthly payments of $19,810.00 from June 1, 2018 through May 1, 2019, then eleven payments of $20,976.67 each, and then one final lumpsum payment in the sum of $2,820,976.67 due by May 1, 2020. A true and correct copy of the Note is attached as **Exhibit 1** to the Declaration in Support of Motion For Relief from the Automatic Stay Under 11 U.S.C. § 362 (Real Property) ("Supporting Declaration"), which is being filed concurrently with the Motion.

2. On or about April 20, 2018, Borrower and Molly E. Catanzaro (the "Guarantor") executed a Deed of Trust, Assignment of Rents and Security Agreement (the "First Deed of Trust") secured against the real property located at 717 East 3rd Avenue, San Mateo, CA 94401 (the "717 East Third Property") and the real property located at 727 East 3rd Avenue, San Mateo, CA 94401 (the "727 East Third Property", collectively, the "Subject Properties"). The Deed of Trust was recorded on April 24, 2018 in the official records of the Recorder of San Mateo County as Instrument/Document # 2018-030968. ("Supporting Declarations, ¶ 5; **Exhibit 2**).

3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR STAY RELIEF
Case: 24-30827   Doc# 21-1   Filed: 12/02/24   Entered: 12/02/24 09:38:05   Page 3 of 9

3. On or about June 22, 2021, Borrower and Guarantor each executed a second Deed of Trust, Assignment of Rents and Security Agreement (the "Second Deed of Trust"), which was secured against the real property located at 925 Palm Avenue, San Mateo, CA 94401 (the "Palm Avenue Property"). The Second Deed of Trust was recorded on June 25, 2021 in the official records of the Recorder of San Mateo County as Instrument/Document # 2021-097536. ("Supporting Declarations, ¶ 6; **Exhibit 3**).

4. On or about June 22, 2021, Borrower and Guarantor each executed a Modification of Deed of Trust Securing Promissory Note Assignment (the "First Loan Modification Agreement"), which advanced an additional $470,000.00 to Borrower, extended the maturity date of the Loan to October 1, 2022, and confirmed the new loan balance to be $3,270,000.00. The First Loan Modification Agreement was recorded on June 25, 2021 in the official records of the Recorder of San Mateo County as Instrument/Document # 2021-097256 ("Supporting Declarations, ¶ 7; **Exhibit 4**).

5. On or about August 28, 2023, Borrower and Guarantor each also executed a second Modification Agreement of Deed of Trust Securing Promissory Note (the "Second Loan Modification Agreement"), which advanced an additional $300,000.00 to Borrower, extended the maturity date of the Loan to October 1, 2023, and confirming the new loan balance to be $3,570,000.00. The Loan Modification Agreement was recorded on June 25, 2021, in the official records of the Recorder of San Mateo County as Instrument/Document # 2023-043573. ("Supporting Declarations, ¶ 8; **Exhibit 5**).

6. Borrower subsequently defaulted on the terms of the Loan, which caused Movant to record on or about June 6, 2024, a Notice of Default and Election to Sell (the "First NOD") with respect to the First Deed of Trust, against the Subject Properties, listing a default of $322,541.39. ("Supporting Declarations, ¶ 9; **Exhibit 6**).

4
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR STAY RELIEF

7. On that same day Movant also recorded a separate NOD as to the Second Deed of Trust for (the "Second NOD") ("Supporting Declarations, ¶ 10; **Exhibit 7**).

8. Due to Debtor's failure to cure the noticed default, Movant proceeded with a formal Notice of Trustee's Sale (the "First NOS") against the Subject Properties, scheduling a trustee's sale for October 9, 2024, at 1:00 pm. (Supporting Declarations, ¶ 11; **Exhibit 8).**

9. Due to Debtor's failure to cure the noticed default, Movant also proceeded with a separate NOS with respect to Palm Avenue Property, scheduling a trustee's sale for October 9, 2024, at 1:00 pm. (Supporting Declarations, ¶ 12; **Exhibit 9).**

B. **BANKRUPTCY CASE FILING**

10. On November 5, 2024, *the day before the rescheduled trustee's sale of the Subject Properties*, Debtor filed the instant voluntary petition under Chapter 11 of the Bankruptcy Code, for the Northern District of California – San Francisco Division, and was assigned Case No. 24-30827-DM (the "Instant Bankruptcy") [ECF # 1]. The skeletal voluntary petition was signed by Guarantor Molly E. Catanzaro and was not filed by a licensed attorney. (*id.*)

11. On November 5, 2024, because Debtor admits in its petition that it not represented by an attorney, the Court issued an Order to Show Cause ("OSC"), requiring Debtor to show cause why this case should not be dismissed, converted to Chapter 7, or a trustee appointed, considering the failure to obtain counsel. A hearing is set on the OSC for December 13, 2024 [*See* ECF # 8].

12. Debtor does not list the Subject Properties anywhere in the skeletal petition, and obtained a court order on November 20, 2024, extending the deadline for Debtor to file all the missing documents and information to Monday, December 2, 2024 [*See* ECF #18].

/././

/././

13. As of November 5, 2024, the total estimated amount owed Movant's claim has risen to approximately $4,152,978.79. The Loan is severely delinquent, being due and owing for the month of October 2023.("Supporting Declarations, ¶ 13)

14. As of November 26, 2024, Debtor Kenreg, LLC is not and never has been on record title with respect to the Subject Properties. ("Supporting Declarations, ¶ 14)

### III. ARGUMENT

### A. CAUSE EXISTS TO CONFIRM THERE IS NO STAY IN EFFECT REGARDING THE SUBJECT PROPERTIES BECAUSE DEBTOR IS NOT A BORROWER AND IS NOT ON RECORD TITLE

§362 of the Bankruptcy Code creates an automatic stay applicable to all entities that, in general, and with some specific exceptions, stays all acts to create, perfect, or enforce any lien against property of the estate and/or to obtain possession of property of the estate. However, such protection is limited to the property of the Debtor's bankruptcy estate. See 11 U.S.C.S. § 362. Moreover, the onus is on the Debtor to prove that property is in fact estate property. District Court. Zurich Am. Ins. Co. v. Trans Cal Assocs., 2011 U.S. Dist. LEXIS 145080, *7 (E.D. Cal. Dec. 15, 2011). Mere assertions without any reliable evidence of ownership or another interest in the Subject Properties is not sufficient to warrant and obtain stay protection. (*id*).

Here, Debtor is not a borrower under the loan documents, was not on record title when the case commenced (or currently) and has not claimed an interest in any documents filed with the court to date. (See Supporting Declaration, ¶ 14**)**. Yet, based on the timing of the filing of the petition, Movant suspects the skeletal petition was filed predominantly for the improper purpose of trying to prevent Movant from proceeding with its state law remedies regarding the Subject Properties.

As such, because Debtor has failed to provide any evidence, let alone the requisite reliable evidence of ownership or other interest in the Subject Properties, which would be sufficient to warrant stay protection, Movant requests a comfort order confirming that the automatic stay does not apply to the Subject Properties. Indeed, Debtor has not even listed any alleged interest in the documents filed thus far, but to the extent the schedules to be filed do assert an interest in the Subject Properties, mere assertions of an interest are insufficient, and Movant respectfully requests that this Court issue an order confirming there is no stay in effect regarding the Subject Properties in this Bankruptcy.

**B. ALTERNATIVELY, RELIEF FROM STAY SHOULD BE GRANTED UNDER PURSUANT TO 11 U.S.C. § 326(d)(1) BECAUSE THIS BANKRUPTCY CASE WAS NOT FILED IN GOOD FAITH REGARDING MOVANT'S CLAIM**

Relief from stay is also appropriate under 11 U.S.C. § 362(d)(1) if a bankruptcy case was filed in bad faith. To prove "bad faith" on the part of the debtor, the moving party need only show that the instant bankruptcy was filed for an intention *other* than what is sanctioned by the Code, *not* intentional abuse by the debtor, ill will or malicious conduct. See *In re Southern Calif. Sound Systems, Inc.* 69 BR 893, 901 (BC SD CA 1987). A true measure of bad faith uses the "totality of the circumstances test," which considers all facts leading up to the filing of the bankruptcy case. *Matter of Little Creek Develop. Co.*, 779 F2d 1068, 1072 (5th Cir. 1986). "The court can determine that a debtor filed a case in bad faith based on a pattern of conduct and may impute bad faith from the timing and circumstances of the filing." *In re Eardley*, No. BAPCC-08-1175 MOMKH, 2009 WL 7809924, at *6 (B.A.P. 9th Cir. May 11, 2009) (citing *Eisen v. Curry (In re Eisen),* 14 F.3d 469 (9th Cir.1994). *See also, In re Craighead*, 377 B.R. 648 (N.D.Cal., 2007).

Courts in California have expanded the scope of bad faith stay relief under Section 362(d)(4) to apply to cases filed by seemingly innocent debtors so long as the bankruptcy is shown to be part of a larger scheme to hinder, defraud and delay the moving party through actions undertaken by the original borrower (See *In re 4th Street Investors, Inc.*, 474 B.R. 709 (Bankr. C.D. Cal. 2012).

Here, to the extent Debtor believes the Subject Properties are protected by the stay produced by this case (and the Court agrees there is an applicable stay), grounds clearly exist to grant Movant relief from stay under Section 362(d)(1), as Movant reasonably believes this Bankruptcy was filed in bad faith – predominantly to try to delay and/or hinder Movant from proceeding with its state law rights and remedies regarding the Subject Properties. Specifically, because (1) Debtor is not a borrower under the loan documents, (2) Debtor is not and never has been on record title; (3) Debtor has provided no evidence of any alleged interest in the Subject Properties, (4) the Bankruptcy was filed in the eve of foreclosure, and (4) the loan is in substantial default. [*See* ECF # 1 & Supporting Declaration, ¶¶ 13-14]. Moreover, this Bankruptcy was commenced with a skeletal petition and without an attorney (as is required by the bankruptcy code). [*See* ECF # 1].

Considering the above, to the extent Debtor includes Movant's Claim/Properties in her schedules and/or plan to be filed, Debtor would be attempting in bad faith to apply stay protection to the Subject Properties despite them not being part of Debtor's bankruptcy estate. Thus, in the unlikely event the court finds a stay to be in place regarding the Subject Properties, Movant respectfully requests that this Court alternatively grant it stay relief pursuant to 11 U.S.C. § 362(d)(1).

/././

/././

## IV. CONCLUSION

**WHEREFORE,** Movant respectfully prays that this Court issue an Order as follows:

1. For an Order confirming there is no automatic stay in effect regarding the Subject Properties;

2. Alternatively, for an Order granting stay relief from and terminating the automatic stay as to Debtor and Debtor's estate to allow Movant, and or its successors and/or assigns, to proceed under applicable non-bankruptcy law to enforce its rights and remedies in the Subject Properties under the subject Note and Deed of Trust to foreclose upon and/or to take any other actions necessary to obtain possession of the Subject Properties;

3. That the Order waive the fourteen-day stay described by Federal Rule of Bankruptcy Procedure Rule 4001(a)(3);

4. That the Order be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the United States Code;

5. For such other relief as the Court deems proper.

Respectfully submitted,

**WRIGHT, FINLAY & ZAK, LLP**

Dated: 12/2/2024   By: /s/ *Arnold L. Graff*
Arnold L. Graff, Esq.
Attorneys for Movant, Secured Income Fund-II, LLC